Affirmed and Memorandum Opinion filed March 15, 2007








Affirmed and Memorandum Opinion filed March 15, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00407-CR

____________

 

NICOMEDES SANTIBANEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 176th
District Court

Harris County, Texas

Trial Court Cause No. 769,768

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Nicomedes Santibanez, challenges the trial court=s denial of his
post-conviction motion for DNA testing. Appellant raises two issues on appeal.
In his first issue, appellant contends the trial court erred in denying his
motion on the basis that identity was not an issue at trial. In his second
issue, appellant contends the trial court erred in denying his motion because
the record was undisputed that materials suitable for testing were in the State=s possession. We
affirm.








Factual and Procedural Background

A jury found appellant guilty of murder and sentenced him
to incarceration for life in the Texas Department of Criminal Justice,
Institutional Division.  On appeal, this court affirmed the judgment in an
unpublished opinion issued June 29, 2000.  See Santibanez v. State, No.
14-98-00830-CR, 2000 WL 854862 (Tex. App.CHouston [14th
Dist.] June 29, 2000, pet. ref=d) (not designated for publication).

On October 8, 2004, appellant, by and through appointed
counsel, filed a post-conviction motion for DNA testing pursuant to Chapter 64
of the Texas Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. arts. 64.01B64.05 (Vernon
2006). The trial court, based on its negative finding on the issues listed in Article
64.03(a)(1) and its finding that appellant failed to meet the burden of proof
requirements under Article 64.03(a)(2), denied appellant=s request for DNA
testing.  This appeal followed.

Standard of Review

 We review a
convicting court=s denial of a motion for post-conviction
DNA testing under a bifurcated standard of review. Rivera v. State, 89
S.W.3d 55, 59 (Tex. Crim. App. 2002) (citing Guzmam v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997)). We afford almost total deference to a trial
court=s determination of
issues of historical fact and application-of-law-to-fact issues that turn on
credibility and demeanor, while we review de novo other
application-of-law-to-fact issues. Id.

Discussion

In two issues, appellant contends the trial court erred in
denying his motion for post-conviction DNA testing: (1) where appellant entered
a plea of not-guilty, thereby placing his identity into issue; and (2) where
the State had evidence in its possession suitable for DNA testing.

 








I.                   
Requirements for post-conviction DNA testing.

Under Chapter 64, a convicting court may order forensic
DNA testing only if:

(1) the court finds that:

(A) the evidence:

(i) still exists and is in a condition
making DNA testing possible; and

(ii) has been subjected to a chain of
custody sufficient to establish that it has not been substituted, tampered
with, replaced, or altered in any material respect; and

(B) identity was or is an issue in the
case; and

(2) the convicted person establishes by a
preponderance of the evidence that:

(A) the person would not have been
convicted if exculpatory results had been obtained through DNA testing; and

(B) the request of the proposed DNA
testing is not made to unreasonably delay the execution of sentence or
administration of justice.

Tex. Code Crim. Proc. Ann. art.
64.03(a) (Vernon 2006) (emphasis added). 

While it is true that any convicted person may request
DNA testing, by its explicit terms Chapter 64 does not require the trial court
to grant that request in all cases. Bell v. State, 90 S.W.3d 301, 306
(Tex. Crim. App. 2002). A court must order testing only if the statutory
requirements are met. Id.

II.        Was
identity an issue in the case?

We now turn to appellant=s
first issue, in which appellant claims the trial court erred in denying his
post-conviction motion for DNA testing because identity was an issue in his
case.  Appellant argues, without citing any authority, that his plea of
not-guilty was sufficient to raise the issue of identity at trial.  Appellant
contends that such a plea puts every material allegation in the indictment at
issue, citing article 27.17 of the Texas Code of Criminal Procedure.  See
Tex. Code Crim. Proc. Ann. art.
27.17 (Vernon 1989). We disagree that identity was at issue.








In cases involving post-conviction DNA testing, a plea
of not guilty does not automatically place identity at issue. See Bell,
90 S.W.3d at 308. In Bell, the Court of Criminal Appeals held that
identity was not an issue, regardless of the defendant=s plea of not guilty, because the defendant
confessed to the charged offense. Id. Furthermore, courts have held
identity is not an issue if a defendant admits he was with the victim at the
time of the offense and later pleads not guilty. See Morris v. State,
110 S.W.3d 100, 103 (Tex. App.CEastland
2003, pet. ref=d)
(holding identity was not at issue when defendant=s
statements showed he and victim were together when assault occurred).

In the present case, appellant not only admitted to
being with the victim at the time of the shooting, he admitted to being the
shooter.  In a taped interview with a police investigator, appellant made the
following statement:

Investigator: When you
shot him, were you inside the car?

[Appellant]:      Outside.

Investigator:      Ok,
and then you got out of the car?

[Appellant]:      After,
yes.

Investigator: Ok, after
he told you no dumb-shit.

[Appellant]:      Um-huh.

Investigator:      And
how many times did you shoot him there at the bus stop?

[Appellant]:      Ah,
but I didn=t, . . .
two but didn=t, but I
didn=t do anything to
him.

Investigator:      Ok.

[Appellant]:      Then
I hit him about four I think, five.








Investigator:      Five,
so then you shot him two times there at the bus stop, but you didn=t hit him?

[Appellant]:      No.

Investigator:      And
what did he do?

[Appellant]:      You
could say, like he . . . wanted to leave.

Investigator:      Um-huh.

[Appellant]:      But
well, for what he had said, and also for what he did two years ago, that is, is
why I did what I that [sic].

Investigator:      So
he ran?

[Appellant]:      Yes,
he wanted to run.

Investigator:      And
did you follow him?

[Appellant]:      Just
a little piece [sic], there to the corner, like this. But because he already
did that two years ago.

Investigator:      And
did you shoot him there?

[Appellant]:      Yes.

Investigator:      How
many more times did you shoot him?

[Appellant]:      That
is, the magazine to the nine, but I hit him like about four, five, that=s all.

Appellant also testified at trial and admitted to
shooting the victim.  Thus, identity was not an issue, regardless of appellant=s plea of not guilty,
because appellant confessed to the charged offense. See Bell, 90 S.W.3d
at 308. We overrule appellant=s
first issue.








Conclusion

In light of our holding, and since Chapter 64 requires each
element be met before a trial court may grant a post-conviction DNA test, we
need not address appellant=s remaining issue.  See Tex. R. App. P. 47.1. We affirm the
judgment of the trial court.

 

 

 

/s/      John S. Anderson

Justice

 

 

 

Judgment rendered and Memorandum Opinion filed March 15,
2007.

Panel consists of Justices Yates, Anderson, and Hudson.

Do Not Publish B Tex. R. App. P. 47.2(b).